UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON COLE,

    Plaintiff,

v.

JAMES E. WHITE and CITY OF DETROIT,

    Defendants.

Case No. 24-cv-11763

Honorable Robert J. White

## ORDER DENYING PLAINTIFF'S MOTION TO BE DEEMED A PREVAILING PARTY PURSUANT TO 42 U.S.C. § 1988

Detroit police lieutenant Brandon Cole commenced this 42 U.S.C. § 1983 action against Detroit police chief James E. White and the City of Detroit (the "City, collectively).  The amended complaint alleges, among other things, that the City violated Cole's constitutional rights when Chief White suspended him without pay during the pendency of disciplinary proceedings instituted against him.  The parties have since stipulated to dismiss the case with prejudice. (ECF No. 24).  The stipulation of dismissal authorizes Cole's counsel to seek leave to file a petition for attorney fees and costs. (*Id.*, PageID.371).

Before the Court is Cole's motion to be deemed a "prevailing party" pursuant to 42 U.S.C. § 1988. (ECF No. 25).  The City responded in opposition. (ECF No.

28). Cole declined to reply. The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).

42 U.S.C. § 1988(b) authorizes the "prevailing party" in a 42 U.S.C. § 1983 lawsuit to seek "a reasonable attorney's fee as part of the costs." Just shy of two months ago, in *Lackey v. Stinnie*, 221 L. Ed. 2d 63, 75 (2025), the United States Supreme Court held that a "plaintiff 'prevails' under the statute when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties."

None of these conditions are present. The Court never "conclusively resolved" any of Cole's claims by awarding any form of "judicial relief" whatsoever. Cole agreed to dismiss this case with prejudice after executing a "Last Chance Plea Agreement" with the Detroit Police Department. (ECF No. 25-2, PageID.389-393). And the agreement resulted from a disciplinary process that occurred outside the course of this litigation.

The Supreme Court precedents Cole references in his supporting brief are inapplicable and, therefore, do not alter this conclusion. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 421 (2016) (holding that "that a favorable ruling on the merits is not a necessary predicate to find that a *defendant* has prevailed.") (emphasis added); *Farrar v. Hobby*, 506 U.S. 103, 105 (1992) (holding that a section 1983 plaintiff who receives a nominal damages award is a "prevailing party" under 42

U.S.C. § 1988); *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 446-50 (1982) (deciding a procedural question related to a postjudgment motion for attorney fees under 42 U.S.C. § 1988, not the contours of prevailing party status); *Maher v. Gagne*, 448 U.S. 122, 124, 132-33 (1980) (holding that a civil rights plaintiff is a "prevailing party" when her case settles through a court-entered consent decree, albeit without any determination that her constitutional rights have been violated). Accordingly,

IT IS ORDERED that Cole's motion to be deemed a "prevailing party" pursuant to 42 U.S.C. § 1988 (ECF No. 25) is denied.

IT IS FURTHER ORDERED that the City's request for leave to seek sanctions against Cole's counsel (ECF No. 28, PageID.405, 413) is denied.

Dated: April 10, 2025                             s/ Robert J. White
                                                            Robert J. White
                                                            United States District Judge

3